# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 0419 1:18CR00049 |
| | ) | |
| Scott Grady Smith | ) | |
| Defendant. | ) | |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Scott Grady Smith and for good cause shown therein, and also based on agreement of the parties as set forth herein:

### AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he has violated the terms and conditions of supervised release in the following respects:

**DRUG/ALCOHOL USE (Date violation concluded: 3/14/2020).** The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner," in that,

On 10/8/19, the defendant's urinalysis yielded a positive result for methamphetamine. The defendant admitted to having used methamphetamine on 10/6/19. (Grade C)

The defendant admitted to having used methamphetamine on 1/6/20. (Grade C)

The defendant admitted to having used methamphetamine on 1/22/20. (Grade C)

The defendant admitted to having used methamphetamine on 3/14/20. (Grade C)

1

**FAILURE TO COMPLY WITH DRUG TESTING/TREATMENT REQUIREMENTS (Date violation concluded: 4/7/2020).** The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing for substance abuse if directed to do so by the probation officer. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. If warranted, the defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court)," in that,

On 8/30/19, the defendant was referred to RHA Behavioral Health Services for substance abuse treatment. Throughout the defendant's term of supervision, his substance abuse treatment was increased in efforts to terminate his illegal drug use. The defendant was instructed to attend the basic substance abuse class which met twice per week. The defendant failed to report to classes on the following dates: 2/27/20, 3/3/20, 3/5/20, 3/10/20, 3/12/20, 3/17/20, 3/19/20, 3/24/20, 3/26/20, 3/31/20, 4/2/20, and 4/7/20. (Grade C).

**UNAUTHORIZED COMMUNICATION /INTERACTION WITH FELON (Date violation concluded: 1/25/2020).** The defendant has violated the condition of supervision that states, "The defendant shall not communicate or interact with any persons engaged in criminal activity, and shall not communicate or interact with any person convicted of a felony unless granted permission to do so by the probation officer," in that,

On 1/25/20, the defendant was in Burke County, NC, in the area of Old NC Highway 105, cutting firewood with Tammy Laws. Officer Wade Keener with the United States Forest Service saw the defendant and Ms. Laws and initiated contact to ensure they were in possession of a National Forest Firewood Harvesting Permit which they were. During this contact, it was discovered that Ms. Laws had a glass pipe in her purse and a substance consistent in appearance to methamphetamine on her person. Both Ms. Laws and the defendant were charged with Possession of Methamphetamine and Possession of Drug Paraphernalia by Officer Keener. Therefore, the defendant was interacting with a person engaged in criminal activity. (Grade C).

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violations are a maximum Grade C and that the defendant has a Criminal History Category of II.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of II is a term of imprisonment from 4 to 10 months.

2

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of 5 months. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he is admitting the violations of supervised release because he did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him related to those alleged violations.

The defendant further acknowledges that he is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

3

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Scott Grady Smith be and is hereby SENTENCED to a term of imprisonment of 5 months on Count 1 of the Original Judgment filed in the Western District of North Carolina on 8/29/2019. IF NOT ALREADY IN CUSTODY: Defendant shall surrender for service of this sentence as instructed by the Bureau of Prisons, until which time defendant remains on release subject to the terms and conditions previously imposed.

It is further ORDERED that the Court RECOMMENDS to the Bureau of Prisons that the defendant:

1. Participate in any available educational and vocational opportunities.
2. Participate in any available substance abuse treatment program opportunities.

It is further ORDERED that the defendant not be ORDERED to serve an additional term of supervised release.

It is further ORDERED that any restitution order, fine, and special assessment imposed in the original Judgment in a Criminal Case are hereby reimposed and are to be paid in full immediately.

So ORDERED and ADJUDGED, this the _1_ day of _July_, 20_20_.

_____
Chief United States District Judge

4

**APPROVED**

_____
Scott Grady Smith
Defendant

_____
Frechilyn Sison
Assistant Federal Public Defender
Attorney for Defendant

_____
Richard L. Edwards
Assistant United States Attorney

_____
Supervisory U.S. Probation Officer

_____
United States Probation Officer

5